IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KOJO KARUME KHAYRALLAH,**

    **Plaintiff,**

vs.                                                    Case No.  4:24cv257-MW-MAF

**JOHN H. RUTHERFORD,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se, submitted a Complaint to this Court asserting a claim for breach of contract.  ECF No. 1.  Plaintiff did not, however, file a motion for leave to proceed with in forma pauperis status or pay the filing fee for this case.  An Order was entered, ECF No. 3, advising Plaintiff that he must do one or the other to proceed with this case.  Plaintiff's deadline to comply with that Order was August 1, 2024.  *Id.*  Additionally, because Plaintiff's complaint, ECF No. 1, was insufficient, Plaintiff was required to file an amended complaint in which he explained the basis for his breach of contract claim, clarifying how the Defendant allegedly breached the contract.  ECF No. 3.  Again, Plaintiff's deadline to

file the amended complaint was August 1, 2024.  *Id.*  As of this date, nothing further has been received from Plaintiff, despite that warning given in the prior Order that failure to comply would result in entry of a recommendation to dismiss this case.  *Id.*  Nothing further has been received from Plaintiff and it appears he has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, Plaintiff was warned that if he failed to comply with the Order, his case would be dismissed.  ECF No. 3.  Because Plaintiff has

failed to prosecute this case after being warned of the consequences, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 13, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**